# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **DELTA FUEL CO INC** | **CASE NO. 1:18-CV-01334** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **TODD ABBOTT** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## MEMORANDUM ORDER

Plaintiff Delta Fuel Co., Inc. ("Delta Fuel") hired Todd Abbott in February of 2018 to "establish and run a new division of Delta Fuel," namely, an oil services division. [Doc. No. 1-1 at 1] In July of that same year, Abbott resigned and went to work for Reladyne, Inc. [Doc. No. 6 at 4]. Delta Fuel subsequently filed this suit seeking injunctive relief against Abbott, alleging Abbott has violated certain provisions of the Confidentiality and Restrictive Covenant Agreement ("CRCA") he entered into with Delta Fuel. Abbott now seeks dismissal of all claims asserted by Delta Fuel pursuant to Fed. R. Civ. P. 12(c)[1], contending the portions of the CRCA Delta Fuel seeks to enforce are invalid as a matter of law. [Doc. No. 29]. For the reasons that follow, the motion is DENIED.

Pursuant to his motion, Abbott argues the CRCA's non-competition and non-solicitation provisions are unenforceable because they are overly broad as a matter of law in two respects: (1) in the description of Delta Fuel's business, and (2) in the geographic scope of the restrictive covenant. [Doc. No. 29-1 at 8]. "Restrictive covenants, such as non-competition and non-solicitation agreements, are narrowly construed under Louisiana law." *Arthur J. Gallagher & Co.*

---

[1] Rule 12(c) (Motion for Judgment on the Pleadings) provides, "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

*v. Babcock*, 703 F.3d 284, 288 (5th Cir. 2012). The governing statute, La. R.S. 23:921, provides in relevant part:

> A. (1) Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void. However, every contract or agreement, or provision thereof, which meets the exceptions as provided in this Section, shall be enforceable.
>
> . . . .
>
> C. Any person . . . who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment. . . .
>
> D. For the purposes of Subsections B and C of this Section, a person who becomes employed by a competing business, regardless of whether or not that person is an owner or equity interest holder of that competing business, may be deemed to be carrying on or engaging in a business similar to that of the party having a contractual right to prevent that person from competing.
>
> . . . .
>
> H. Any agreement covered by Subsection B, C, E, F, G, J, K, or L of this Section shall be considered an obligation not to do, and failure to perform may entitle the obligee to recover damages for the loss sustained and the profit of which he has been deprived. In addition, upon proof of the obligor's failure to perform, and without the necessity of proving irreparable injury, a court of competent jurisdiction shall order injunctive relief enforcing the terms of the agreement.

La. R.S. 23:921.

The CRCA entered into by Abbott and Delta Fuel provides in pertinent part:

> WHEREAS, the Company is engaged in the business of petroleum, chemical, and lubricant distribution at the wholesale and retail level, including but not limited to propane, gasoline, diesel, specialty chemicals, other bulk fuels, and other lubricants, as well as the sale, supply, storage, and service of petroleum products, and other accessories or appurtenances, and other related businesses engaged in by Company during the term of your employment with the Company (the "Business");

>  . . . .
>
>  2. <u>Restrictive Covenants.</u>
>
>    (a) <u>The Territory</u>. The "<u>Territory</u>" as used in this Agreement, shall consist of those parishes, counties, and municipalities listed on <u>Exhibit A</u> hereto, which may be revised form time to time by the Company as it deems necessary to reflect the places where the Company carries out the Business and which Employee agrees shall become a material part of this Agreement as revised and which Employee agrees to sign.
>
>    (b) <u>Non-Competition</u>. While employed by the Company and for a period of two years following the end of such employment relationship, Employee shall not, in the Territory, directly or indirectly, . . . engage in any business that directly or indirectly competes with or is similar to the Business.

[Doc. No. 1-1, 29-31].

Abbott argues the CRCA's description of Delta Fuel's business is overly broad, ambiguous, "does not even attempt to define the 'prohibited activities' expected of Abbott," includes "work for which Abbott was never hired, in locations where Abbott never performed," and is inclusive of "a business service that Delta Fuel admits did not exist at the time of the CRCA [i.e., the oil services division] and commencement of Abbott's employment." [Doc. No. 29-1 at 8 (emphasis omitted)]. As set forth above, La. R.S. 23:921 permits an employee to enter into an agreement with his employer "to refrain from carrying on or engaging in a business similar to that of the employer . . ., not to exceed a period of two years from termination of employment." La. R.S. 23:921. Here, Delta Fuel and Abbott entered into such an agreement, and in that agreement the "business" of Delta Fuel is described as "the business of petroleum, chemical and lubricant distribution at the wholesale and retail level, . . . and other related businesses engaged in by Company during the term of your employment with the Company. . . ." [Doc. No. 1-1 at 29 (emphasis added)]. Thus, the agreement prohibits Abbott from engaging in a business similar to the foregoing description of Delta Fuel's business, i.e. "the business of petroleum, chemical and

lubricant distribution at the wholesale and retail level." Further, the Court finds the phrase, "and other related businesses engaged in by Company during the term of your employment with the Company," is inclusive of the oil services division Abbott was hired to establish and run. The relevant caselaw, including the cases cited by Abbott, does not support Abbott's argument that, as a matter of law, the restrictive covenant is facially unenforceable. *See e.g. Babcock*, 703 F.3d at 288-89; *Delta Fuel Company v. Loyed*, 218 So.3d 184, 187 (La.App. 3 Cir. 2017). Whether the CRCA is enforceable in fact is a matter reserved for trial. Similarly, the Court does not find that the geographic scope of the CRCA is overly broad as a matter of law, as the Court has not been presented with sufficient evidence to determine whether Delta Fuel "carries on a like business" in the parishes and counties identified in the agreement. *See e.g. H2O Hair, Inc. v. Marquette*, 960 So.2d 250, 258 (La.App. 5 Cir. 2007) (defining the issue as not whether the employer performed similar business activities in Orleans Parish as its former employee, "but rather whether [the employer's] advertisement and solicitation of customers in Orleans Parish constituted 'carrying on a like business' in that parish. . . .").

For these reasons, the Motion for Judgment on the Pleadings [Doc. No. 29] is DENIED.

THUS DONE in Chambers on this 10th day of December, 2019.

ROBERT R. SUMMERHAYS<br>
UNITED STATES DISTRICT JUDGE